UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

               -against-

ANGEL GOMEZ,

                    Defendants.

23-CR-311 (JGLC)

**<u>ORDER</u>**

JESSICA G. L. CLARKE, United States District Judge:

On June 21, 2023, law enforcement agents entered Defendant Angel Gomez's ("Gomez") home pursuant to a search warrant. ECF No. 1 ("Compl.") at 3. The agents recovered narcotics, narcotics-related paraphernalia, and a loaded firearm. *Id.* at 3–5. On June 21, 2023, a Complaint was filed charging Gomez with (1) possessing cocaine with intent to distribute, in violation of 21 U.S.C §§ 841(a)(1) and 841(b)(1)(C); (2) possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and (3) possessing a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and 2. *Id.* On June 27, 2023, a grand jury returned an Indictment. ECF No. 3. Before the Court is Gomez's motion to: (1) order the Government to compel various disclosures; (2) suppress Gomez's post-arrest statements; (3) dismiss Count Three of the Indictment; or (4) in the alternative, sever Count Three of the Indictment. ECF No. 20. For the reasons described below, Gomez's motion is DENIED.

## BACKGROUND

The facts here are undisputed. Agents at the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") arrested Gomez in his home on the morning of June 21, 2023 and brought him to a facility in the Bronx for interrogation. ECF No. 20 ("Mot.") at 5. The interrogation was

videotaped and lasted for approximately thirty minutes. *See* ECF No. 23-1 ("Video").[1] At the start of the interrogation, the agents advised Gomez of his *Miranda* rights, asked Gomez if he understood those rights and whether he wanted to sign a form waiving his *Miranda* rights. *Id.* at 9:24:17–9:24:56. Gomez indicated that he understood his rights but declined to sign the waiver. *Id.* at 9:24:54–9:24:56.

The agents then asked Gomez numerous questions, and he engaged with them in conversation for over ten minutes. *See id.* at 9:24:54–9:37:40. During the course of the interrogation, Gomez made several incriminating statements, s*ee* Mot. at 5, and eventually told the agents that he did not wish to continue speaking with them. Video at 9:37:40. The agents nonetheless continued to ask Gomez questions. *See id.* at 9:41:03–9:50:00.

Gomez filed the instant motion on November 15, 2023, which the Government opposes. *See* ECF Nos. 20, 23. On February 5, 2024, the Court held oral argument on Gomez's motion during which the parties resolved Gomez's requests for certain disclosures, thus mooting that issue. ECF No. 33. The Court denied Gomez's motion on the record and indicated that a written order would follow. *Id.* at 19:25–20:8. On March 6, 2024, Gomez pleaded guilty to Count Three of the Indictment in a Change of Plea proceeding before the Court. Because Gomez's motion to sever Count Three is premised entirely on this case going to trial, the issue is now moot.

## DISCUSSION

The Court first addresses Gomez's motion to suppress, which is denied. The Court then turns to Gomez's motion to dismiss the Indictment, which is also denied.

---

[1] All citations to the Video are based on the time-stamp at the top-left of the screen.

I.      **Gomez's Motion to Suppress is Denied**

As an initial matter, an evidentiary hearing is not necessary here. "The Second Circuit has determined that a court must ordinarily hold an evidentiary hearing on a motion to suppress if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that [there are] contested issues of fact . . . ." *United States v. Bazemore*, No. 20-CR-573 (ER), 2021 WL 1719233, at *3 (S.D.N.Y. Apr. 30, 2021) (quoting *United States v. Durand*, 767 F. App'x 83, 87 (2d Cir. 2019)) (cleaned up). "To create a factual dispute, a defendant must submit sworn factual allegations from a person with personal knowledge of the underlying facts . . . [i]n the absence of such an affidavit, an evidentiary hearing is unnecessary." *United States v. Shamsideen*, No. 3-CR-1313 (SCR), 2004 WL 1179305, at *9 (S.D.N.Y. Mar. 31, 2004) (citation omitted). "Courts have broad discretion when determining whether an evidentiary hearing is needed to decide a motion for suppression." *United States v. Alcantara*, No. 22-CR-152 (VSB), 2023 WL 3883961, at *5 (S.D.N.Y. June 8, 2023).

Here, Gomez did not file an affidavit accompanying his motion, as required, and his supporting papers fail to identify any factual disputes. Additionally, during the oral argument on February 5, 2024, counsel for Defendant acknowledged that there are no material factual issues in dispute. ECF No. 33 at 4:21–6:2. Because Gomez did not file a supporting affidavit and the facts of this case are undisputed, the Court need not conduct an evidentiary hearing.

The Court now addresses the merits of Gomez's motion to suppress his post-arrest statements. Pursuant to the Fifth Amendment, the Government "may not use a suspect's statements made during a custodial interrogation unless the suspect (1) has been apprised of his Fifth Amendment rights, and (2) knowingly, intelligently, and voluntarily waives those rights." *United States v. Freeman*, No. 21-CR-88-3 (JSR), 2021 WL 3855871, at *3 (S.D.N.Y. Aug. 27,

2021) (quoting *United States v. Oehne*, 698 F.3d 119, 122–23 (2d Cir. 2012)) (internal quotation marks omitted).

Gomez argues that his post-arrest statements should be suppressed because he (1) "did not affirmatively or knowingly waive his Fifth Amendment right to remain silent or the rights guaranteed him by *Miranda v. Arizona*," (2) "refused to sign a Miranda [sic] waiver," and (3) the agents continued to question him after he "told the agents he did not want to talk anymore." Mot. at 6. Regarding Gomez's third point, the Government represents that it "does not intend to offer any of Gomez's admissions that follow his statement that . . . he no longer wished to speak." ECF No. 23 at 11 n.3. As such, this argument is moot.

None of Gomez's remaining arguments favor suppression. The Video demonstrates that after Gomez was read his *Miranda* rights and indicated that he understood them, he waived those rights by voluntarily engaging in conversation with the agents. *See Berghuis v. Thompkins*, 560 U.S. 370, 384 (2010) ("Where the prosecution shows that a *Miranda* warning was given and that it was understood by the accused, an accused's uncoerced statement establishes an implied waiver of the right to remain silent."); *United States v. Plugh*, 648 F.3d 118, 125 (2d Cir. 2011) (finding knowing and voluntary waiver where defendant, understanding his *Miranda* rights, "chose to begin speaking with custodial agents").

Gomez's refusal to sign the *Miranda* waiver prior to voluntarily conversing with the agents does not undermine his waiver of *Miranda* rights. *See United States v. Booth*, 583 F. Supp. 3d 545, 553 (S.D.N.Y. 2022) (finding waiver of *Miranda* rights where defendant refused to sign waiver form but "manifested his oral waiver by continuing to talk to the agents."). Nor does Gomez's refusal to sign the waiver unambiguously demonstrate that he sought to invoke his *Miranda* rights. The Supreme Court has made clear that an "accused who wants to invoke his or

her right to remain silent [must] do so unambiguously." *Berghuis*, 560 U.S. at 381. Gomez made

no such unambiguous invocation here. Courts in this circuit have held that a defendant's refusal

to sign a written *Miranda* waiver does not on its own constitute an unambiguous invocation of a

defendant's *Miranda* rights. *See Plugh*, 648 F.3d at 125 (2d Cir. 2011); *Booth*, 583 F. Supp. 3d at

553.

    Because Gomez waived and did not unambiguously invoke his *Miranda* rights, the Court

will not suppress the post-arrest statements at issue.

## II.    Gomez's Motion to Dismiss the Indictment is Denied

Gomez moves to dismiss Count Three of the Indictment, arguing that 18 U.S.C. §

922(g)(1) is unconstitutional in light of the Supreme Court's decision in *New York State Rifle &*

*Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). According to Gomez, "pursuant to *Bruen*, the

government bears the burden of justifying section 922 (g)(1)'s [sic] prohibition on the possession

of firearms by people like Angel Gomez who have prior felony convictions." Mot. at 7.

But *Bruen* did not disturb the Second Circuit's decision in *United States v. Bogle*, which

holds that "§ 922(g)(1) is a constitutional restriction on the Second Amendment rights of

convicted felons." 717 F.3d 281, 281–82 (2d Cir. 2013). *See United States v. Cheathum*, No. 23-

CR-27 (JPO), 2024 WL 196485, at *4 (S.D.N.Y. Jan. 18, 2024) ("[T]he Court considers itself to

be bound by the Second Circuit's holding in *United States v. Bogle* . . . that Section 922(g)(1) is

constitutional under the Second Amendment."); *United States v. Davila*, No. 23-CR-292 (JSR),

2023 WL 5361799, *2 (S.D.N.Y. Aug. 22, 2023) ("[Defendant] asserts *Bogle* is no longer good

law in light of *Bruen* . . . . The Court disagrees."); *United States v. Hampton*, 676 F. Supp. 3d

283, 301 (S.D.N.Y. 2023) ("With *Heller* and *McDonald* still in full force after *Bruen*, *Bogle*

remains binding precedent within this Circuit on the constitutionality of section 922(g)."); *United*

*States v. Barnes*, No. 22-CR-43 (JPO), 2023 WL 2268129, at *1 (S.D.N.Y. Feb. 28, 2023) ("For

its part, the Second Circuit has upheld § 922(g)(1) in light of *Heller* and *McDonald* . . . . Because

*Bruen* did not disturb either of those two precedents, the Second Circuit's holding in *Bogle*

continues to govern this issue.").

 Because binding Second Circuit precedent holds that Section 922(g)(1) is constitutional,

the Court denies Gomez's motion to dismiss Count Three of the Indictment. In any event, the

issue is moot because Gomez pleaded guilty to Count Three on March 6, 2024.

**CONCLUSION**

 For the reasons set forth above, Gomez's motion is DENIED. The Clerk of Court is

respectfully directed to terminate the motion at ECF No. 20.

Dated: April 18, 2024
   New York, New York

              SO ORDERED.

              JESSICA G. L. CLARKE
              United States District Judge